**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF RHODE ISLAND;<br>STATE OF CONNECTICUT; and<br>KATHERINE DYKES, Commissioner of the<br>Connecticut Department of Energy and Environmental<br>Protection,<br><br>       Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF THE<br>INTERIOR; DOUGLAS BURGUM, Secretary of the<br>Interior, in his official capacity; BUREAU OF<br>OCEAN ENERGY MANAGEMENT; MATTHEW<br>GIACONA, Acting Director of Bureau of Ocean<br>Energy Management, in his official capacity;<br>BUREAU OF SAFETY AND ENVIRONMENTAL<br>ENFORCEMENT; and KENNETH STEVENS,<br>Principal Deputy Director of the Bureau of Safety and<br>Environmental Enforcement, in his official capacity,<br><br>       Defendants. | C.A. No. 1:25-cv-04328-RCL |

**STATE PLAINTIFFS' MOTION FOR CONSOLIDATION AND REQUEST TO HOLD IN ABEYANCE STATE PLAINTIFFS' FIRST MOTION FOR PRELIMINARY INJUNCTION**

Under Federal Rule of Civil Procedure 42(a), the State Plaintiffs move the Court to consolidate *Rhode Island v. Dep't of the Interior*, Case No. 1:25-cv-04328 (the "State Action"), with *Revolution Wind, LLC v. Burgum*, Case No. 1:25-cv-02999 (the "Ørsted Action"). These actions should be consolidated because they involve common questions of law and fact. The State Plaintiffs also request that the Court hold in abeyance their September 17, 2025 Motion for Preliminary Injunction (ECF No. 21) considering the preliminary injunction this Court issued on September 22, 2025 in the Ørsted Action.

1

Pursuant to Local Civil Rule 7(m), counsel for the State Plaintiffs met and conferred with counsel for the Federal Defendants. The Federal Defendants consent to consolidate the actions and to hold in abeyance the State Plaintiffs' September 17, 2025 Motion for Preliminary Injunction.

## **BACKGROUND**

The State Action and the Ørsted Action both arise out of a Stop Work Order the Acting Director of the Bureau of Ocean and Energy Management (BOEM) issued on August 22, 2025, requiring Revolution Wind's developer, Ørsted, to immediately halt construction ("the First Stop Work Order"). State Action, Complaint, ECF No. 1, ¶6; Ørsted Action, Complaint, ECF No. 1, ¶10.

On September 4, 2025, Ørsted filed the Ørsted Action against the Federal Defendants in District Court for the District of Columbia, claiming that the First Stop Work Order violates the Administrative Procedures Act (APA), the Outer Continental Shelf Act (OCSLA), and Fifth Amendment Due Process. Ørsted Action, ECF No. 1, ¶¶180, 191, 200, 208. The case was assigned to Judge Lamberth. Ørsted also moved for a preliminary injunction seeking to enjoin the Federal Defendants from enforcing the Stop Work Order, which Judge Lamberth granted on September 22, 2025. Ørsted Action, Mot. for Preliminary Injunction and Stay Pending Review, ECF No. 9.

On September 4, 2025, the State Plaintiffs separately filed the State Action against the Federal Defendants in District Court for the District of Rhode Island, claiming that the Stop Work Order violates the APA and OCSLA. State Action, ECF No. 1, ¶¶152, 166, 179. The case was assigned to Judge McElroy. The State Plaintiffs also moved on September 17, 2025 for a preliminary injunction seeking to enjoin the Federal Defendants from enforcing the First Stop Work Order. State Action, Mot. for Preliminary Injunction, ECF No. 21. The State Plaintiffs' September 17, 2025 Motion for Preliminary Injunction remains pending.

Green Oceans moved to intervene as Defendant in both the Ørsted Action and the State Action. Ørsted Action, Mot. to Intervene as Def., Defer Filing Answer, and Extension of Time to File a Response to Revolution Wind's Mot. for Preliminary Injunction, ECF No. 16; State Action, Mot. to Intervene as Def., ECF No. 23. Judge Lamberth granted the motion in the Ørsted Action. The motion in the State Action has not been decided.

On September 17, 2025, the Federal Defendants moved to transfer the State Action from the District Court for the District of Rhode Island to the District Court for the District of Columbia. State Action, Federal Def.'s Mot. to Transfer Venue, ECF No. 22. Judge McElroy granted the motion over the State Plaintiffs' objection on December 11, 2025. Upon transfer to the District of Columbia, the State Action was assigned to Judge Lamberth.

On December 22, 2025, the Acting Director of BOEM issued a Director's Order to Ørsted, ordering it to suspend all ongoing activities related to the Revolution Wind Project for the next 90 days for reasons of national security ("the Second Stop Work Order"). In response, Ørsted moved for leave to supplement its complaint and moved preliminarily enjoin the Second Stop Work Order.

The State Plaintiffs now seek to consolidate the State and Ørsted actions. Pending consolidation, the State Plaintiffs also have lodged with the Court a motion to preliminarily enjoin the Second Stop Work Order.

## ARGUMENT

Under Federal Rule of Civil Procedure 42(a), the Court may consolidate separately filed cases that involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court. . . . The Court may consider, among other things, whether consolidation would promote convenience and judicial economy, simplify management of the cases, facilitate global resolution of the claims,

[or] conserve judicial resources." *Waste-To-Energy Ass'n v. EPA*, No. 23-2726, 2023 U.S. Dist. LEXIS 201142, at *6 (D.D.C. Nov. 9, 2023) (citation omitted; internal quotation marks omitted). Consolidation is "particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts" and "the plaintiffs are different but are asserting identical questions of law against the same defendant." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011).

As Judge McElroy explained in her decision to transfer venue, the State Action and the Ørsted Action present common questions of law and fact. Specifically, Judge McElroy stated: "Like [State Plaintiffs'] Complaint, [Ørsted's] suit alleges that the Stop Work Order violates the APA and OCSLA. . . . [Ørsted's] suit seeks essentially the same relief as [State Plaintiffs]: a declaration that the Stop Work Order is unlawful, vacatur of that order, and an injunction against its enforcement." State Action, Order, ECF 42, p.2. Judge McElroy concluded that "the overwhelming similarities in the [State Plaintiffs'] and [Ørsted's] claims and requested relief and the potential for inconsistent judgments strongly favors transfer." State Action, ECF 42, p.5 (internal quotation marks omitted).

The State Plaintiffs of course disagree that these similarities warranted transferring the case from Rhode Island to the District of Columbia. But now that the State Action is in this Court and related to the Ørsted Action, they should be consolidated. Consolidation will promote the interests of judicial economy, consistency, timeliness and convenience, without risking inconvenience, prejudice, delay or expense for the Court or the litigants. *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 287 (common questions of law and fact existed where different plaintiffs asserted same APA and statutory claims against same defendant). The State Plaintiffs therefore respectfully request that the Court consolidate the State and Ørsted actions.

Additionally, the State Plaintiffs request the Court to hold in abeyance their September 17, 2025 Motion for Preliminary Injunction. This Court has already issued a preliminary injunction in the Ørsted Action, which enjoins the Federal Defendants from enforcing the First Stop Work Order. This preliminary injunction binds the Federal Defendants and, therefore, provides the same relief requested by the State Plaintiffs. *See M.M.M. v. Sessions*, 318 F. Supp. 3d 310, 312 (D.D.C. 2018) (holding in abeyance plaintiffs' motion for preliminary injunction where temporary restraining order issued in another case addressed same issues). Moreover, if the Court holds the State Plaintiffs' September 17, 2025 motion in abeyance, both actions will be in the same procedural posture, which enhances the benefits of consolidating the actions. *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 287 (consolidation promoted convenience, efficiency, and prompt resolution of demands for injunctive relief where both cases were in same procedural posture and stage of litigation). The State Plaintiffs request the court to hold their motion in abeyance, rather than deny without prejudice, due the irreparable harms at stake if Ørsted's preliminary injunction were reconsidered or stayed. Holding the motion in abeyance avoids unnecessarily duplicative proceedings while also reducing the time necessary to resolve preliminary relief issues. Thus, holding in abeyance the State Plaintiffs' Motion for Preliminary Injunction is appropriate to promote judicial economy and efficiently resolve preliminary relief issues.

<u>**CONCLUSION**</u>

The Plaintiff States respectfully move this Court to consolidate Case No. 1:25-cv-04328 and Case No. 1:25-cv-02999, and to hold in abeyance the Plaintiff States' September 17, 2025 Motion for Preliminary Injunction.

Dated: January 5, 2026

**PETER F. NERONHA**
ATTORNEY GENERAL OF RHODE ISLAND

By: */s/ Sarah W. Rice*

Sarah W. Rice
*Assistant Attorney General*
Nicholas M. Vaz
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
Tel.: (401) 274-4400
srice@riag.ri.gov
nvaz@riag.ri.gov

*Counsel for the State of Rhode Island*

Respectfully submitted,

**WILLIAM TONG**
ATTORNEY GENERAL OF CONNECTICUT

By: */s/ Evan O'Roark*
Michael K. Skold
*Solicitor General*
Matthew I. Levine
*Deputy Associate Attorney General*
Evan O'Roark
*Deputy Solicitor General*
165 Capitol Avenue
Hartford, CT 06106
Tel.: (860) 808-5316
michael.skold@ct.gov
matthew.levine@ct.gov
evan.oroark@ct.gov

*Counsel for the State of Connecticut and Katherine Dykes*