UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF RHODE ISLAND;
STATE OF CONNECTICUT; and
KATHERINE DYKES, Commissioner of the
Connecticut Department of Energy and Environmental
Protection,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE
INTERIOR; DOUGLAS BURGUM, Secretary of the
Interior, in his official capacity; BUREAU OF
OCEAN ENERGY MANAGEMENT; MATTHEW
GIACONA, Acting Director of Bureau of Ocean
Energy Management, in his official capacity;
BUREAU OF SAFETY AND ENVIRONMENTAL
ENFORCEMENT; and KENNETH STEVENS,
Principal Deputy Director of the Bureau of Safety and
Environmental Enforcement, in his official capacity,

        Defendants.

C.A. No. 1:25-cv-04328-RCL

**STATE PLAINTIFFS' MOTION TO EXPEDITE CONSIDERATION OF STATE PLAINTIFFS' MOTION TO CONSOLIDATE**

The States of Rhode Island and Connecticut, along with Katherine Dykes, Commissioner of the Connecticut Department of Energy respectfully requests that the Court expedite consideration of State Plaintiffs' Motion for Consolidation and Request to Hold in Abeyance State Plaintiffs' First Motion for Preliminary Injunction, Dkt 45 ("Motion to Consolidate"), to rule on this motion no later than January 7, 2026. The State Plaintiffs seek consolidation to promote efficient adjudication of the similar factual and legal claims at issue in their suit and the suit brought by Revolution Wind, LLC, including the Supplemental Complaint filed in that matter. Just like Revolution Wind, LLC, the State Plaintiffs are aggrieved by the December 22, 2025 Director's

1

Order issued by the Bureau of Ocean Energy Management ("BOEM") to Revolution Wind "suspend[ing] all ongoing activities related to the Revolution Wind Project on the Outer Continental Shelf for the next 90 days for reasons of national security" ("the Second Stop Work Order"). Good cause exists to grant this request so that—if this Court grants the State Plaintiffs' Motion to Consolidate—the State Plaintiffs may participate in the upcoming preliminary injunction hearing to directly explain their irreparable harm being caused by Defendants' Second Stop Work Order and why injunctive relief is necessary to protect the public interest.

Pursuant to Local Civil Rule 7(m), counsel for the State Plaintiffs met and conferred with counsel for the Federal Defendants. The Federal Defendants consent to this motion to expedite.

As described in more detail in the attached State Plaintiffs' Lodged Motion for Preliminary Injunction, the State Plaintiffs are prepared and available to proceed under this Court's existing schedule for considering Revolution Wind's motion to preliminary enjoin the Second Stop Work Order. This Court possesses the same "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Dietz v. Bouldin*, 579 U.S. 40, 41 (2016) (citing *Landis*, 299 U.S. at 254). This Court regularly exercises this power to grant motions to expedite the consideration of certain motions before it or of proceedings as a whole. *See, e.g., Giffords v. Fed. Election Comm'n*, No. 19-1192, 2021 WL 4805478, at *3 (D.D.C. Oct. 14, 2021) (motion to expedite consideration granted for cross-motions for summary judgment); *Revolution Wind LLC. v. Burgum et al.*, No. 25-02999, (D.D. C. Jan 2, 2026) (motion to expedite consideration of motion to supplement complaint); *Merck & Co., Inc. v. U.S. Dep't of Health & Hum. Servs.*, 962 F.3d 531, 534 (D.C. Cir. 2020) (district court granted motion to expedite consideration of motion to stay agency regulation pending judicial review). Good cause exists for this Court to exercise its

authority to expedite consideration of the Motion to Consolidate. Doing so will ensure that the Court and all litigants in this matter are able to proceed on a consolidated schedule and with a single hearing, and with a more complete evidentiary picture which includes the harms to the sovereigns and the public interest which flow from the Second Stop Work Order without disrupting the current schedule which will allow consideration of preliminary injunctive relief by January 12, 2026.

For these reasons, the State Plaintiffs respectfully request that the Court rule on its Motion to Consolidate on an expedited basis by January 7, 2026 to allow for consideration of State Plaintiffs' motion for preliminary injunction, which largely adopts the Revolution Wind's preliminary injunction motion, by January 12, 2026.

| | |
|---|---|
| Dated: January 5, 2026 | Respectfully submitted, |
| **PETER F. NERONHA**<br>ATTORNEY GENERAL OF RHODE ISLAND | **WILLIAM TONG**<br>ATTORNEY GENERAL OF CONNECTICUT |
| By: */s/ Sarah W. Rice*<br><br>Sarah W. Rice<br>*Assistant Attorney General*<br>Nicholas M. Vaz<br>*Special Assistant Attorney General*<br>150 South Main Street<br>Providence, RI 02903<br>Tel.: (401) 274-4400<br>srice@riag.ri.gov<br>nvaz@riag.ri.gov<br><br>*Counsel for the State of Rhode Island* | By: */s/ Evan O'Roark*<br>Michael K. Skold<br>*Solicitor General*<br>Matthew I. Levine<br>*Deputy Associate Attorney General*<br>Evan O'Roark<br>*Deputy Solicitor General*<br>165 Capitol Avenue<br>Hartford, CT 06106<br>Tel.: (860) 808-5316<br>michael.skold@ct.gov<br>matthew.levine@ct.gov<br>evan.oroark@ct.gov<br><br>*Counsel for the State of Connecticut and Katherine Dykes* |